## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stacy A. Fleming and Brian J. Fleming, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR3; and Wells Fargo Bank, N.A., <br><br> Defendants. | Case No. 15-cv-0574 (PJS/HB) <br><br><br> **REPORT AND RECOMMENDATION** |

Stacy A. Fleming and Brian J. Fleming, 3975 Cardinal Court, Rosemount, MN 55068, pro se

Charles F. Webber and Jessica Z. Savran, Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for Defendants

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on a Motion to Dismiss filed by Defendants U.S. Bank National Association ("U.S. Bank") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "Defendants") [Doc. No. 4]. The motion was referred to the undersigned by the Honorable Patrick J. Schiltz, United States District Judge, in an Order of Reference dated April 27, 2015 [Doc. No. 11]. Defendants move to dismiss all claims alleged by Plaintiffs Stacy A. Fleming and Brian J. Fleming (collectively "Plaintiffs") on the basis of claim preclusion and for failure to state a claim on which relief may be granted. For the reasons set forth below, the Court recommends that the motion be granted.

# I.     Background

This is Plaintiffs' second lawsuit in a year against U.S. Bank and Wells Fargo.[1]

Their first lawsuit, *Fleming v. U.S. Bank National Association*, No. 14-cv-3446

(DSD/JSM) ("*Fleming I*"), was dismissed by the Honorable David S. Doty, United States

District Judge, on February 6, 2015.  *Fleming I*, No. 14-cv-3446 (DSD/JSM), slip op. at 1

(D. Minn. Feb. 6, 2015) [Doc. No. 24].[2]

## A.     Plaintiffs' Prior Case

In *Fleming I*, Plaintiffs alleged violations of the Fair Debt Collection Practices Act

(FDCPA) and the Real Estate Settlement Procedures Act (RESPA).  Am. Compl.,

*passim*, *Fleming I*, No. 14-cv-3446 (DSD/JSM) [Doc. No. 12-1].)[3]  They also alleged

state law claims for replevin and to set aside a foreclosure sale, based on a mortgage

---

[1]  On June 9, 2015, Stacy A. Fleming filed a third lawsuit against U.S. Bank and Wells Fargo, *Fleming v. Wells Fargo Home Mortgage*, 15-cv-2683 (PJS/HB).

[2]  Judge Doty's decision in *Fleming I* can also be found on Westlaw at 2015 WL 505758, but for the reader's convenience and the sake of consistency in referring to the *Fleming I* record, the Court will cite to the slip opinion and CM/ECF docket number.

[3]  In *Fleming I*, Plaintiffs filed a motion to amend their complaint and attached a copy of the proposed pleading to the motion.  Req. Leave Amend, *Fleming I*, No. 14-cv-3446 (DSD/JSM) [Doc. Nos. 12, 12-1.]  The motion was granted and Plaintiffs were instructed to file the amended complaint, *Fleming I*, No. 14-cv-3446 (DSD/JSM), slip op. at 1 (D. Minn. Dec. 8, 2014) [Doc. No. 15], but they never did.  Thus, the amended complaint appears in the record only as an attachment to Plaintiffs' motion, at Doc. No. 12-1.  The Court considers the amended complaint the operative pleading nonetheless, as did Judge Doty in his order dismissing the case.  *See Fleming I*,  No. 14-cv-3446 (DSD/JSM), slip op. at 2, 6, 7 (D. Minn. Feb. 6, 2015) [Doc. No. 24] (citing to the facts alleged in the amended complaint).  The Court cites to the page numbers of the amended complaint, as reflected on the CM/ECF header, because Plaintiffs did not number the paragraphs.

dispute and foreclosure proceedings.  *Id.* at 10, 13.  The facts of *Fleming I*, as summarized in Judge Doty's February 6, 2015, order, are briefly as follows.

On February 23, 2006, Plaintiffs executed a $390,000 promissory note in favor of Gopher State Management Corporation ("Gopher State") for the purchase of a home in Rosemount, Minnesota.  *Fleming I*, No. 14-cv-3446 (DSD/JSM), slip op. at 1-2 (D. Minn. Feb. 6, 2015) [Doc. No. 24].  Plaintiffs also executed a mortgage, which included a power of sale.  *Id.* at 2.  Gopher State later assigned the mortgage to Wells Fargo, who in turn assigned it to U.S. Bank.  *Id.*  The mortgage assignment to U.S. Bank was recorded on March 20, 2006.  *Id.*

On July 18, 2014, Plaintiffs sent a "Qualified Written Request" (QWR) to U.S. Bank, requesting thirty-five categories of information and documents relating to the note and mortgage.  *Id.*  U.S. Bank forwarded the QWR to Wells Fargo, the loan servicer, who provided information to Plaintiffs such as loan status, payment history, loan validation, insurance, fees assessment, and estimated payoff date.  *Id.*  Eventually Plaintiffs defaulted on their note.  *Id.* at 3.  On August 14, 2014, U.S. Bank published and served Plaintiffs with a notice of foreclosure sale.  *Id*. at 3.  Before the sale occurred, however, Plaintiffs filed a petition for bankruptcy.[4]  *Id.*  Plaintiffs then initiated suit in federal court against U.S. Bank and Wells Fargo.

---

[4]  The bankruptcy court dismissed the petition on November 3, 2014, because Plaintiffs failed to provide required documentation.  (*See* Defs.' Mem. Supp. Mot. Dismiss at 5 [Doc. No. 6].)  Plaintiffs filed another bankruptcy petition on March 11, 2015, which was also dismissed for failure to file all of the necessary paperwork.  (*See id*. at 5-6.)

Judge Doty dismissed Plaintiffs' FDCPA, RESPA, and replevin claims on February 6, 2015. *Fleming I*, No. 14-cv-3446 (DSD/JSM), slip op. at 10 (D. Minn. Feb. 6, 2015) [Doc. No. 24]. Judge Doty rejected Plaintiffs' "show-me-the-note" argument, finding that U.S. Bank was entitled to foreclose on the mortgage through a valid assignment. *Id.* at 6. Thus, the attempted foreclosure was not an abusive or deceptive practice under the FDCPA. *Id.* Judge Doty also rejected as conclusory Plaintiffs' allegations that U.S. Bank and Wells Fargo

> (1) threatened to sue and take possession of the property; (2) asked the location of their employment and threatened to garnish their wages; (3) failed to provide validation of their debt within five days of being contacted; (4) intimidated them by trespassing on the property, taking photographs without permission, and looking through windows; and (5) acquired their personal and banking information without a permissible purpose.

*Id.* at 6-7.

Judge Doty dismissed the RESPA claim on the grounds that Plaintiffs had not identified any potential errors with their account; the QWR was invalid because many of the requests did not pertain to the servicing the note; Defendants had adequately responded to the QWR; and Plaintiffs failed to allege any harm or damages. *Id.* at 7-9. Finally, Judge Doty found that the state law claims for replevin and to set aside the foreclosure sale were not ripe for adjudication, due to the contingent nature of Plaintiffs' bankruptcy filing, and that in any event the replevin claim would fail because Plaintiffs were not seeking to recover personal property. *Id.* at 10. Plaintiffs did not appeal Judge Doty's order and the time to appeal has now run.

4

B.      **Plaintiffs' Present Case**

Plaintiffs filed the instant action against U.S. Bank and Wells Fargo on February 24, 2015, a few weeks after Judge Doty issued his order and entered judgment in *Fleming I.* In Count I of their Complaint, Plaintiffs bring claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, and Federal Reserve Board Regulation Z, 12 C.F.R. § 226. (Compl. at 1 [Doc. No. 1].)[5] Plaintiffs again allege they executed a mortgage and note with Gopher State to purchase their home. (*Id.* at 2.) As security, Plaintiffs allege, they gave a trust deed to Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.*) Plaintiffs allege that the trust deed was a consumer credit transaction within the meaning of TILA and Regulation Z. (*Id.*) Plaintiffs further allege that Defendants failed to provide a copy of loan documents in response to their QWR, specifically, documents authorizing the foreclosure and vesting Defendants with a secured interest in Plaintiffs' property. (*Id.* at 2-3.) Defendants' failure to disclose this information, according to Plaintiffs, violated TILA and Regulation Z. (*Id.* at 3.)

Count II of Plaintiffs' Complaint is a claim for misrepresentation. (*Id.* at 4.) Plaintiff Stacy Fleming alleges that U.S. Bank sent her written communications indicating that it had acquired certain rights under the trust deed such as the right to foreclose on her home, even though it had not, to force her to disclose her financial information and pay money to stop the foreclosure. (*Id.* at 4-5.) In reference to the

---

[5] Plaintiffs did not number the paragraphs of their Complaint, and thus, all citations are to the page numbers of that pleading, as reflected on the CM/ECF header.

elements of misrepresentation, Stacy Fleming alleges that U.S. Bank breached a duty of care in conveying her banking information, that she reasonably relied on U.S. Bank's representations, and that she suffered pecuniary damages as a result, including being forced into filing for bankruptcy.  (*Id.* at 5.)

In Count III of the Complaint, Plaintiff Brian Fleming asserts a claim "to perpetuate testimony."  (*Id.* at 6.)  He explains that while he "is not able, at this time, to articulate a specific cause of action against" Wells Fargo or U.S. Bank, he believes they have clouded the title of his property and intended to deprive him of property without just compensation.  (*Id.*)  As relief, he seeks to depose them.  (*Id.* at 6-7.)

## II.     Discussion

### A.     Legal Standards on a Motion to Dismiss

Claim preclusion is appropriately raised through a Rule 12(b)(6) motion to dismiss.  *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012) (finding that a complaint and its exhibits provided a sufficient basis for a motion to dismiss founded on res judicata).  On a motion to dismiss brought pursuant to Rule 12(b)(6), "a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant." *Wong v. Minn. Dep't. of Human Servs.*, Civ. No. 13-3378 (DWF/JSM), 2014 WL 4796464, at *3 (D. Minn. Sept. 26, 2014) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A court has the duty to construe liberally pleadings filed by a pro se party.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Generally, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint on a Rule 12(b)(6) motion.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  However, a court may make exceptions to this rule for "matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint."  *Wong*, 2014 WL 4796464, at *3.  In *Fleming I*, for example, Judge Doty relied on documents related to the promissory note, mortgage, foreclosure process, and QWR, because all materials were either public records or necessarily embraced by the pleadings.  *Fleming I*, No. 14-cv-3446 (DSD/JSM), slip op. at 4-5 (D. Minn. Feb. 6, 2015) [Doc. No. 24].  U.S. Bank and Wells Fargo provide similar information here, although reliance on those documents is not necessary for resolution of the motion.

### B.    Claim Preclusion

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *accord Nelson v.*

*Wells Fargo Bank Minn., Nat'l Ass'n*, No. 13-cv-2246 (PJS/JJK), 2014 WL 538686, at *3

(D. Minn. Feb. 11, 2014) (citations omitted).  Claim preclusion bars a subsequent claim

when: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier

claim involved the same parties or their privies; (3) there was a final judgment on the

merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter."

*Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151-52 (8th Cir. 2012) (citing

*Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)); *accord Nelson*,

2014 WL 538686, at *3.  Claim preclusion "applies equally to claims actually litigated

and to claims that could have been litigated in the earlier action."  *Brown-Wilbert, Inc. v.*

*Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007) (*quoted in Ashanti*, 666 F.3d

at 1152).  "Having failed to recover on one theory of recovery, a litigant cannot attempt

to relitigate the same claim under a different theory of recovery."  *Poe v. John Deere Co.*,

695 F.2d 1103, 1105 (8th Cir.1982) (citations omitted).

　　　　All four claim preclusion factors are present here.  First, Plaintiffs' prior claims

and present claims involved the same set of factual circumstances.  In *Fleming I*,

Plaintiffs challenged Defendants' servicing of the loan, authority to foreclose on the

property, and response to Plaintiffs' QWR.  In the instant case, Plaintiffs allege

essentially the same underlying facts, but assert new theories of recovery under TILA and

Regulation Z and for misrepresentation.  Because the same evidence would sustain

Plaintiffs' former and current claims, the suits involve the same factual circumstances.

*See Ashanti v. City of Golden Valley*, No. 10-cv-2121 (PJS/JJG), 2011 WL 1114320, at

*6 (D. Minn. Mar. 24, 2011), *aff'd*, 666 F.3d 1148 (8th Cir. 2012).

Second, the parties in this case and *Fleming I* are the exact same individuals and

entities: Plaintiffs Stacy A. Fleming and Brian J. Fleming, and Defendants U.S. Bank,

and Wells Fargo.

Third, Judge Doty's order dismissing Plaintiffs' FDCPA and RESPA claims was a

final adjudication on the merits.  *See Welk v. Fed. Nat'l Mortg. Ass'n*, 561 F. App'x 577,

578, 580 (8th Cir. 2014) (where district court dismissed complaint for failure to state a

claim, finding the dismissal a final judgment on the merits for purposes of claim

preclusion).  Although Judge Duty found the replevin and set-aside claims not ripe for

adjudication, the FDCPA and RESPA claims were based on the same set of factual

circumstances as the claims in this case; thus, the dismissal of the FDCPA and RESPA

claims on the merits satisfies the third factor for claim preclusion.

Fourth, and finally, Plaintiffs had a full and fair opportunity to litigate their earlier

claims, and nothing precluded them from raising their current claims in the earlier action.

They do not argue otherwise.

## C.    Merits

Because Plaintiffs' claims are clearly barred by claim preclusion, there is no need

to reach Defendants' alternative argument that the TILA, Regulation Z, and

misrepresentation claims should be dismissed for failure to state a claim.  The Court will

briefly address Brian Fleming's failure-to-perpetuate-testimony claim, however.  This

claim appears to be premised on Federal Rule of Civil Procedure 27(a)(1), which allows a party who wishes to preserve testimony to file a verified petition asking for a court order authorizing a deposition.  Such an order is not warranted in this case.  Most notably, Brian Fleming has not shown that he is unable to bring a federal action against Defendants.  *See* Fed. R. Civ. P. 27(a)(1)(A); *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 352 (D. Minn. 2007).  To the contrary, he has now brought two such actions.  Moreover, his assertion that he "is not able, at this time, to articulate a specific cause of action against" Wells Fargo or U.S. Bank does not entitle him to conduct discovery in search of support for a cause of action.  *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. at 352 ("This is important.  Rule 27 does not provide 'a method of discovery to determine whether a cause of action exists.'").  Finally, under the circumstances of this case, where all of Brian Fleming's claims are barred by claim preclusion, the Court is not "satisfied that perpetuating the testimony may prevent a failure or delay of justice."  *See* Fed. R. Civ. P. 27(a)(3).  Consequently, the claim to perpetuate testimony should be denied on the merits.

## III.    Recommendation

Based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Defendants U.S. Bank and Wells Fargo's Motion to Dismiss [Doc. No. 4] be **GRANTED**;

2.     This case be **DISMISSED**; and

    3.      **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 19, 2015            _s/ Hildy Bowbeer_____
                                 HILDY BOWBEER
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.